Edgar F. Hazleton,
Surrogate and Acting County Judge. This is an application by way of a writ of habeas corpus made by petitioner for the release of a defendant held within the confines of Central Islip State Hospital for the insane. It appears that the defendant was arraigned before a Justice of the Peace, and pleaded guilty to the charge of disorderly conduct, whereupon he was sentenced to 30 days in jail. The sentencing Justice suspended execution of the sentence and proceeded to commit defendant for examination as to his sanity, pursuant to section 660 of the Code of Criminal Procedure. However, it is clear that such commitment can be made by a court only before or during the trial, or after conviction, and must be made before final judgment. The very sections of the Code of Criminal Procedure pertinent to *785 such a proceeding are included in print in the form of commitment furnished by the Commissioner of Mental Hygiene for such purpose. They are there for any court to read if it will only take time to read them. The imposition of the 30-day suspended sentence upon defendant was a ‘1 final judgment ’ ’ after which the Justice totally lacked jurisdiction and power to commit the defendant for examination as to his sanity. In the event defendant needs to be committed for such observation, which I doubt, proper means are provided for having him so certified.
The writ is sustained and it is directed that defendant be discharged from the institution.